UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-136-GWU

SHANNON WILLIAM BLEVINS,                                              PLAINTIFF,

VS.                             **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                       DEFENDANT.

### INTRODUCTION

Shannon William Blevins filed the present action seeking review of a determination by the Commissioner of Social Security that his assets had temporarily exceeded the statutory resource limit for Supplemental Security Income (SSI) eligibility, consequently causing a reduction in his SSI benefits. The Commissioner has filed a motion to dismiss the complaint under Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim on which relief can be granted, and asserts further that in view of declarations and exhibits attached to the parties' briefs, the motion should be treated as a motion for summary judgment and disposed of under Fed. R. Civ. Proc. 56. Finding that this court lacks jurisdiction to consider the plaintiff's claim, the court will grant the defendant's motion.

### BACKGROUND

The plaintiff's complaint states that in 2002 he and several members of his immediate family paid $1,875.00 to the Cryonics Institute, an organization that has

1

undertaken to freeze their bodies upon death at -196 degrees Fahrenheit in liquid nitrogen, for an indefinite period. Upon being told that $100.00 of these funds were refundable, the defendant determined that the $100.00 would be counted as part of the plaintiff's assets, much like a bank account, in determining whether the assets exceeded the statutory resource limit. Docket Entry No. 1. Blevins asserts that the money he advanced for cryonic suspension should be treated by the defendant in the same manner as a "burial space and certain funds set aside for burial expenses" under 20 C.F.R. Section 416.1231 (2007). This regulation excludes certain items from being counted as part of a claimant's resources.

The complaint avers that the plaintiff's discussion with officials at his local Social Security office took place in the summer of 2003. The defendant has supplied a copy of a letter sent to Blevins, dated October 1, 2003, indicating that he had been overpaid SSI benefits in the amount of $2,072.50 between April and August, 2003 because of excess resources, that $41.45 would be withheld from his SSI checks starting in December, 2003 until the excess had been paid back, and that if he disagreed Blevins had 60 days to ask for an appeal. <u>Commissioner's Motion and Brief to Dismiss Plaintiff's Complaint</u>, Docket Entry No. 18, Exhibit 1.[1]

---

[1] Attachment #2 to the Commissioner's brief is styled "Declaration of Vanessa Grove," a technical expert at the Corbin, Kentucky Social Security Field Office. Grove indicates that Blevins had received insurance proceeds of $16,171.31, as well as the cryonic suspension contract. The suspension contract contained was initially $1,875.00, which was non-refundable, and Blevins later paid an additional $100.00, which was

The determination was not appealed until June 29, 2006, almost three years later, and the appeal was dismissed on August 16, 2006 as not timely filed. Id., Exhibit 2. Blevins was again notified that he had 60 days to request a hearing before an Administrative Law Judge (ALJ). Id. The defendant has no record of an appeal. Id., Attachment #1. Blevins was sent notice of another overpayment on June 19, 2006, covering the month of November, 2005; this notice also provided 60 days to appeal. Id., Exhibit 7. Vanessa Grove avers that there is no record of an appeal being filed. Id., Attachment #2. Instead, Blevins filed a civil action in this court on April 17, 2007.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc 56(c). The moving party bears the initial burden to show the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the burden is satisfied, it then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir. 1994).

---

refundable at any time.  Since only $100.00 was refundable, it was the only part of the suspension contract which was counted as a resource.

3

When determining whether there is enough evidence to overcome a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The court must not weigh the evidence, but decide whether there are genuine issues for trial. Id. at 249.  Only material factual disputes will preclude summary judgment. Id. at 248.

## DISCUSSION

Although the plaintiff's pleadings contain a large amount of extraneous matter, he must initially show that he exhausted his administrative remedies. The Commissioner correctly points out that 42 U.S.C. Section 405(h) provides in part that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  Section 405(g) authorizes judicial review for "[a]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow."

20 C.F.R. Sections 416.1400 et seq. describe the process of administrative review for SSI claimants, including "Initial Determination," "Reconsideration," "Hearing before an administrative law judge," and "Appeals Council review." Section 416.1400(a)(5) is captioned "Federal court review," and states that "[w]hen

you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision.  If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." However, Section 416.1400(b) warns that "[i]f you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review . . . ."

The plaintiff concedes in his most recent pleadings that he did not file an appeal of the 2003 administrative denial for three years. Plaintiff's Response to Dismissal, Docket Entry No. 19, p. 1. However, he asserts that he was orally told by individuals at the local Social Security Office that he could not win and "I agreed and I didn't appeal but as time went on and I realized how I was talked out of pursuing an appeal the more I wanted to do something about it." Id.  Therefore, although he now asserts that he did not receive written notice,  it is clear that he was aware in 2003 of his right to appeal. The Supreme Court has refused to "estop the Government where an eligible applicant has lost Social Security benefits because of possibly erroneous replies to oral inquiries." Schweiker v. Hansen, 450 U.S. 785, 788 (1981). Therefore, even assuming for the sake of the motion for summary

judgment that written notice was not received, the pleadings make it clear that Blevins delayed filing any appeal well beyond any reasonable time frame.[2]

Under the Congressional delegation of authority to the Commissioner, the plaintiff failed to exhaust his administrative remedies, and did not receive a final decision. Pohlmeyer v. Secretary of Health and Human Services, 939 F.2d 318, 320 (6th Cir. 1993), citing Matthews v. Eldridge, 424 U.S. 319, 327-29 (1976). This is the case even though the initial determination is "binding" pursuant to 20 C.F.R. Section 416.1405. Pohlmeyer, 939 F.2d at 321.

While there are certain situations in which it is appropriate to waive the exhaustion requirement, such as situations in which exhaustion would be futile, see, e.g., Weinberger v. Salfi, 422 U.S. 749 (1975), or when the legal claims are collateral to the demand for benefits, Oakland Medical Group v. Secretary of Health and Human Services, 298 F.3d 507 (6th Cir. 2002), none of the exceptions are

---

[2] In addition, the court notes that in a Rule 56 motion, the nonmoving party cannot "rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing there is a genuine issue of material fact for trial." Anderson, 477 U.S. at 248, cited in United States v. Ninety Three Firearms, 330 F.3d 414, 427 (6th Cir. 2003). The plaintiff has not filed any affidavits in the present case to the effect that he did not receive written notice from the defendant of a time limit for appeal. On these grounds alone, the Commissioner's Rule 56 motion would have to be granted. Compare McKentry v. Secretary of Health and Human Services, 655 F.2d 721, 722-23 (6th Cir. 1981) in which the plaintiff had filed an affidavit that she had not received written notice. The Sixth Circuit Court of Appeals has specifically held that a nonprisoner pro se litigant is not entitled to special notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule. Ninety Three Firearms, 330 F.3d at 427-8.

applicable to the present set of facts. As a matter of administrative and judicial efficiency, the plaintiff clearly should have pursued every administrative remedy to resolve his claim before filing a court action.

As to the plaintiff's other motion, for appointment of counsel, he is advised that a district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. § 1915(e). However, in determining whether to exercise this discretion, the federal court must consider certain factors:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted) (quotation marks omitted). "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

Having considered Blevins' request for counsel in light of these principles, the court finds that exceptional circumstances warranting such an appointment do not exist. The exhaustion issue is straightforward and the disposition here turns on the simple fact that the plaintiff presented no evidence that he satisfied the exhaustion

pre-condition.  The exhaustion issue is not complex factually or legally and the court does not base its decision today on any legal niceties which would benefit from the assistance of counsel.  The court finds that the appointment of counsel is not warranted herein.

The court concludes that it lacks jurisdiction to consider the plaintiff's claim. An Order and Judgment consistent with this opinion will be entered this day.

This the 3rd day of October, 2007.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**